DONALDSON, Judge,
concurring specially.
I concur in the main opinion. I write separately to express my view as to the practical application in the trial court of the standard for modifying physical custody and as to certain evidentiary issues.
Ex parte McLendon, 466 So.2d 863 (Ala.1984), and related cases attempt to express the legal principle, well known to trial courts, that a child who is in a stable, safe custodial environment should remain in
that environment and should not be removed from that environment without a finding by the trial court of compelling reasons to support that doing so would materially promote the best interests of the child, as. determined from. testimony and/or other evidence found to be credible by the trial court. Any finding of a compelling reason to change physical custody must be supported by the evidence and should be. articulated by the trial court in the order modifying physical custody. McLendon and related cases establish that in the trial of a petition seeking to modify an order of physical custody, a rebuttable factual presumption exists that the child was placed in a stable, safe custodial environment upon the entry of the physical-custody ordér sought to be modified and that the environment remains safe and stable. "See Advisory Committee’s Notes to Rule 301, Ala. R.' Evid. (rebuttable presumptions are “creature[s] of law” and may arise from caselaw). “The McLendon standard is a ‘rule of repose,’ meant to minimize disruptive changes of custody because this Court presumes that stability is inherently more beneficial to a child than disruption.” Ex parte Cleghorn, 993 So.2d 462, 468 (Ala.2008). As such, the McLen-don standard can be viewed in a manner similar to a legislative expression of public policy. Accordingly, this rebuttable presumption falls under Rule 301(b)(2), Ala. R. Evid., and the party seeking to modify physical custody has the burden of not simply presenting evidence contradicting the presumption, but of disproving the presumption that the. child is in a stable, safe custodial environment (i.e., proving that there has been a material change) by a preponderance of the evidence. See Rule 301(c) (implying that a presumption established to further public policy falls under Rule 301(b)(2) “[ujnless otherwise provided by statute” or otherwise established by caselaw). . See also Hopkins v. Hopkins, 983 So.2d 382, 388-89 *406 (Ala.Civ.App.2007)(discussing the .distinction between the burden of production under Rule 301(b)(1) and the burden of proof under 301(b)(2)).
It is self-evident — “inherent”—that changing physical custody of a child will have á disruptive effect. But, as noted by the majority opinion, the degree of disruption is a question of fact, and that disruption could be slight or profound, adverse or positive, and does not in itself prevent a modification ‘of physical custody. Therefore, relevant and admissible evidence may be presented regarding the disruptive effect of the proposed change of custody; however, in this case, any error in not permitting the father to presént evidence regarding the disruptive effect on the children was not preserved for review.
Finally, although appellate courts may struggle with expressing the most appropriate legal standard in custody-modification cases, the bedrock immovable principle is that child-custody decisions are to be made by the judge who presided over the trial and not from far-removed conference rooms looking “through the remote ahd distorting knothole of a distant appellate fence.” Time, Inc. v. Hill, 385 U.S. 374, 418, 87 S.Ct. 534, 17 L.Ed.2d 456 (1967) (Fortas, J., dissenting).